## II. C. HOWARD v. SAML. J. ADAMS.

**Notes — Assignment Without Recourse — Warranty — Binding Obligation.**

The presumption of law is that the party trading for an obligation on a third party, without recourse, agrees to look to him alone, but that he does not part with the consideration paid for the assignment without having a binding obligation on some one, therefore, the assignment without recourse must be presumed to warrant that it is a legal binding obligation on the obligor, but that he does not undertake to refund the consideration should the obligor prove insolvent.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

October 4, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence tends to establish the fact that Howard informed Adams when he sold him of Hagins' allegation that one of the jacks sold had died and had never been delivered to Hagins and that Hagins resisted the obligation so far as this jack was a consideration.

The obligation had then been due from fourteen to sixteen months; Howard, however, expressed the opinion that Hagins was responsible for the whole obligation, notwithstanding one of the jacks had died.

The remainder due on the obligation, after deducting the credit of $130 paid, was about $290; Adams gave to Howard his obligation to pay him $50 when the note should be collected, leaving about $240, which Adams was to get for his two horses sold to Howard for this note, when both horses were worth only $80 to $150, according to the evidence, the latter sum being paid the jury.

The assignment was without recourse, Adams having sued Hagins, who resisted the payment on account of the decease of the jack, and having recovered only $49.50 sued Howard for the difference between this sum and the value of the horses paid for said obligation, and insists that notwithstanding the assignment

without recourse, that Howard implied by warrants that the writing transferred was a legal subsisting obligation on Hagins, and that the assignment only exonerated Howard from responsibility as to Hagins' solvency. And this may be regarded as the general rule, because the presumption of law is that the party, trading for an obligation on a third party, agrees to look to him alone, but that he does not part with the consideration paid for the assignment without having an obligation on some one, as this would simply be a gift and not a sale for a consideration, therefore the assignment without recourse must be presumed still to warrant that it is a legal binding obligation on the obligor, but that he does not undertake to refund the consideration paid by the assignee should the obligor prove to be insolvent, as an ordinary assignment not stipulating without recourse implies, but this implied warranty presumed by law may be repelled by the evidence and circumstances. If Adams was really informed of the facts and Hagins' intention to resist the payment on account of the jack's death, and he agreed to give the horses, worth much less than the amount of the obligation, for it, notwithstanding Howard may have expressed the opinion that Hagins was bound for the whole sum, and took Howard's assignment without recourse, this would make a chancing bargain and repel the implication of law that Howard warranted the obligation to be legal and binding on Hagins.

The statement of the facts by Howard to Adams indicates that the latter relied on the answer in his own judgment rather than on Howard's opinion as to their legal effect, and whether Adams was informed as to the question of law involved mattered nothing; it may be presumed that these parties are not lawyers, and that neither knew really the legal effect of the facts upon the question of Hagins' responsibility, or, on the other hand, of Howard with it, from Adams' important and essential facts; and in ignorance of these Adams took his assignment without recourse; then the presumption of a warranty that it was a binding enforcible obligation on Hagins would not be rebutted.

The instructions given do not comport with these principles and are misleading, wherefore, the judgment is reversed, with directions for a new trial, and further proceedings in accordance herewith.

*Turner*, for appellant.

*Hazelrigg & Weir*, for appellee.